**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **WILLIAM MATTHEW WATSON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) |
| | )   **Case No.    CIV-13-142-D** |
| **MIKE ADDISON, Warden,** | ) |
| **Jim Hamilton Corr. Ctr.,** | ) |
| | ) |
| | ) |
| **Respondent.** | ) |

## REPORT & RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the Petition has been promptly examined, and for reasons set forth herein, it is recommended that the action be **DISMISSED** upon filing for lack of jurisdiction.

## BACKGROUND

Petitioner challenges his conviction pursuant to his guilty plea to second degree murder for which he was sentenced to thirty years imprisonment, with the last five years suspended. Petition, 2, ECF No. 1, p. 1. Case No. CF-2010-143, District Court of Canadian County.

In this action, Petitioner raises three grounds for relief.  In Ground One, he claims he was denied reasonably effective assistance of appellate counsel. Petition, 6,

ECF. No. 1, 5. In Ground Two, Petitioner claims ineffective assistance of trial counsel. Petition, 7, ECF No. 1, p. 6. In Ground Three, Petitioner alleges that his trial counsel coerced him to plead guilty "through District Attorney's threat of third party prosecution."

## SCREENING REQUIREMENT

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases.   Likewise, courts are obliged to examine their jurisdiction *sua sponte* and dismiss any action where it is lacking. *See* Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by . . . a court on its own initiative[] at any stage in the litigation . . . ." (internal citation omitted)); *Hardiman v. Reynolds*, 971 F.2d 500, 502 (10th Cir. 1992) (noting that "a court must raise a defense *sua sponte* if that defense implicates the court's subject matter jurisdiction."); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006) (Rule 60(b) motion was actually a second or successive § 2254 habeas petition over which the district court "lacked subject matter jurisdiction.").

The undersigned's initial review of the petition shows that it is second and successive to a federal habeas petition currently pending in this Court: Case No. CIV-12-1079-D, and that Petitioner has not obtained authorization to file a second petition as required by 28 U.S.C. § 2244(b)(3)(A). Thus, this Court is without jurisdiction to consider it.  Furthermore, for the reasons stated below, the undersigned finds that the

action should be dismissed rather than transferred to the Tenth Circuit Court of Appeals.

### SECOND AND SUCCESSIVE PETITIONS

Title 28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 by providing that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This statutory requirement for prior authorization is jurisdictional. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (per curiam) ("The district court had no jurisdiction to decide [the petitioner's] successive § 2254 petition without authority from the court of appeals.").

In the form petition, Petitioner states that he currently has a federal habeas petition pending "on exhausted claims." Case No. CIV-12-1079-D, United States District Court for the Western District of Oklahoma. A review of the Petition in that action shows that Petitioner raised one ground for relief, that his plea of guilty was involuntary. The docket in that case also shows that the respondent's motion to dismiss on grounds that Petitioner had failed to exhaust his state court remedies was denied because the one ground raised was exhausted by virtue of his direct appeal. *Watson v. Addison,* No. CIV-12-1079-D, ECF No. 11, p. 4 (W.D. Okla. Nov. 13, 2012) (Purcell, M.J.), *adopted,* ECF No. 12 (W.D. Okla. Dec. 10 2012) (DeGiusti, J.). Petitioner's motion

to stay that case while he exhausted his state court remedies was also denied because

he had not presented a mixed petition. *Id.*

In this action, Petitioner is attacking the same judgment of conviction as that

challenged in Case. No. CIV-12-1079-D. Although that case is still pending, this action is

clearly second and successive. As stated by the United States Supreme Court:

> When Burton filed his first petition, the 1998 petition, he
> was being held in custody pursuant to the 1998 judgment,
> which had been entered some nine months earlier. When he
> filed his second petition, the 2002 petition, he was still being
> held in custody pursuant to the same 1998 judgment. In
> short, Burton twice brought claims contesting the same
> custody imposed by the same judgment of a state court. As
> a result, under AEDPA, he was required to receive
> authorization from the Court of Appeals before filing his
> second challenge. Because he did not do so, the District
> Court was without jurisdiction to entertain it.

*Burton v. Stewart*,  549 U.S. 147, 153 (2007). Likewise, the Petitioner herein is still in

custody pursuant to the judgment he is challenging in the case now under referral to

Magistrate Judge Purcell. Case No. CIV-12-1079-D. Again, from *Burton:*

> There is no basis in our cases for supposing, as the Ninth
> Circuit did, that a petitioner with unexhausted claims who
> chooses the second of these options-who elects to proceed
> to adjudication of his exhausted claims-may later assert that
> a subsequent petition is not "second or successive" precisely
> because his new claims were unexhausted at the time he
> filed his first petition. This reasoning conflicts with both
> *Lundy* and § 2244(b).... Such a result would be inconsistent
> with both the exhaustion requirement, with its purpose of
> reducing "piecemeal litigation," *Duncan v. Walker*, 533 U.S.
> 167, 180 (2001), and AEDPA, with its goal of "streamlining
> federal habeas proceedings," *Rhines v. Weber*, 544 U.S. 269,
> 277 (2005).

4

*Burton*, 549 U.S. at 154 (parallel citations omitted)(citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The fact that Petitioner's earlier habeas action is still pending does not relieve him of the obligation to seek authorization from the Tenth Circuit Court of Appeals. In a case involving a motion under 28 U.S.C. § 2255, the petitioner argued that authorization under § 2244(b) was unnecessary because his § 2255 motion had not been finally adjudicated on appeal. *See Ochoa v. Sirmons*, 485 F.3d 538, 541 (10th Cir. 2007). The Tenth Circuit not only rejected this argument, but specifically noted that "§ 2244(b) may not be circumvented by injecting new claims into a habeas action even while it is still pending *in the district court*." *Id.* at 541 n. 3 (emphasis in original).

In the form petition used by Petitioner in Case No. CIV-12-1079-D, he was specifically warned:

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

Case No. CIV-12-1079-D, ECF No. 1, p. 5. Petitioner has neither alleged nor demonstrated that he sought or received prior authorization from the Tenth Circuit Court of Appeals necessary for consideration of the instant petition, and so this Court is without jurisdiction to consider Petitioner's second habeas petition attacking the judgment of conviction in CF-2010-143, District Court of Canadian County.

Previously, district courts routinely transferred unauthorized second and successive § 2254 petitions to the Tenth Circuit Court of Appeals for the requisite authorization pursuant to 28 U.S.C. § 1631, often operating under the assumption that

such a transfer was required by Circuit precedent interpreting § 2244(b). *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631.").[1] However, the Tenth Circuit has now instructed that "*Coleman* should not be read to limit the traditional discretion given to district courts under § 1631." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Instead, the district court may either transfer the action to the Tenth Circuit pursuant to § 1631 for prior authorization if it is in the interest of justice to do so, or dismiss it for lack of jurisdiction. *Id.*

Here, the undersigned finds that the interest of justice does not require transfer of this action to the Tenth Circuit Court of Appeals and that it should instead be dismissed. The three primary considerations govern a court's decision to transfer rather than dismiss: (1) whether the action was filed in good faith in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year limitations period governing federal habeas petitions; and (3) whether the claims are likely to have merit. *See In re Cline*, 531 F.3d at 1251.

---

[1] Section 1631 provides in relevant part:

> Whenever a civil action is filed  . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . .

The first consideration does not support transfer because the statutory requirement for prior authorization of second or successive habeas petitions has been in effect for well over a decade, which makes it difficult for Petitioner to show that the initial filing of his petition in this Court was done in good faith. *See In re Cline*, 531 F.3d at 1252.  Further, the fact that Petitioner conceded that he had filed a previous habeas action in this court with regard to the same conviction indicates that he knew or should have known that prior authorization was required. *See* Petition, 10, ECF No. 1, p. 9.

Second, dismissal will not make it any more difficult for Petitioner to comply with the applicable limitations period because he only completed exhaustion of his additional claims in November 2012. Petition, 7, ECF No. 1, p. 6.

Finally, a "peek at the merits" leads the undersigned to conclude that transfer of this action might raise "false hopes," and waste judicial resources on a case that is "clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).  Petitioner is challenging a conviction obtained pursuant to his plea of guilty, which complicates efforts to obtain relief on many grounds. Accordingly, the undersigned finds that the interests of justice do not require transfer of this action.

Where there is "no risk" that a meritorious second claim will be lost, the Court does not abuse its discretion to dismiss rather than transfer. *In re Cline*, 531 F.3d at 1252. Accordingly, it is recommended that the petition be dismissed for lack of jurisdiction due to Petitioner's failure to obtain an order authorizing the district court to consider his second or successive petition for a writ of habeas corpus in accordance

7

with 28 U.S.C. § 2244(b)(3).

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus be **DISMISSED** without prejudice for lack of jurisdiction.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **March 4, 2013**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent   at   fhc.docket@oag.state.ok.us.   This   Report   and   Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** February 14, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE